NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN MILLAR, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AMERIHEALTH INSURANCE COMPANY OF NEW JERSEY, *et al.*,<br><br>Defendants. | Civil Action No. 15-296 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiffs[1] Gabrielle Millar, John Millar, and Christy Millar's (collectively, "Plaintiffs") motion for a temporary restraining order and preliminary injunction against Defendants. (ECF No. 21.) The Court has considered Plaintiffs' motion and decides the motion without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Plaintiffs' motion is denied.

I.   **BACKGROUND**

On December 4, 2014, Plaintiffs John Millar, Christy Millar, and Millar Electric LLC (collectively, the "Original Plaintiffs") commenced a lawsuit against a group of insurance agencies

---

[1] Separately, the Court notes that while Gabrielle Millar (a minor by her guardian ad litem parents) is identified as a plaintiff in the instant motion (Verified Compl., ECF No. 21), she was not a named plaintiff in the original Complaint (Compl., ECF No. 1). Additionally, the original Complaint named Millar Electric LLC as a defendant (*see generally* Compl.), but Plaintiffs did not list Millar Electric LLC as a defendant in the instant motion (Verified Compl.).

and businesses[2] (collectively, "Defendants") in the Superior Court of New Jersey, Monmouth County. (*See generally* Compl., ECF No. 1-1.) In short, Original Plaintiffs asserted that Gabrielle Millar, Christy Millar's daughter, was born in June 2007 with various severe disabilities, including cerebral palsy and gastrointestinal conditions. (*Id.* ¶ 9.) Beginning in or around June 2008, treating physicians prescribed private home nursing care for Gabrielle Millar on a twenty-four hours per day, seven days per week basis. (*Id.* ¶ 11.)

Original Plaintiffs asserted that, from March 2006 through March 2014, they were participants in and beneficiaries of small group health benefit plans issued by Horizon to Plaintiff Millar Electric LLC and its various employees and their dependents. (*Id.* ¶ 5.) Yet, on various occasions between June 2008 and July 2014, Horizon notified Original Plaintiffs that the prescribed private home nursing care was ineligible for coverage because it did not meet the applicable plan definition of "medically necessary and appropriate." (*Id.* ¶ 19; Notice of Removal ¶ 9, ECF No. 1.) As a result, Original Plaintiffs filed various appeals through the appeals procedures prescribed by the applicable Horizon plans (Compl. ¶¶ 14-16, 20, 24-28, 32, 35, 38, 40), and ultimately filed a civil lawsuit against Defendants (*see generally id.*).

On January 15, 2015, Defendants removed the action to federal court. (*See generally* Notice of Removal.) Subsequently, over the course of the next several months, the parties filed various motions and participated in a telephone status conference before the Honorable Judge Douglas E. Arpert, U.S.M.J., on May 13, 2015. (*See* Telephone Status Conference, May 13, 2015, Docket No. 15-296.) On May 18, 2015, the parties reached a settlement, which stated that pursuant

---

[2] Specifically, Plaintiffs named the following defendants in the original Complaint: Conover Beyer Associates, Inc.; Horizon Blue Cross Blue Shield of New Jersey ("Horizon"); AmeriHealth Insurance Company of New Jersey a/k/a and/or d/b/a AmeriHealth New Jersey; John/Jane Does 1-10; ABC Corporations 1-10; and XYZ Corporations 1-10. (*See* Compl.)

to the conference with Judge Arpert, AmeriHealth would provide certain medically necessary healthcare benefits for Gabrielle Millar, retroactive to January 1, 2015 through December 31, 2015, and "prospectively going forward[.]" (Verified Compl. ¶ 24, ECF No. 21; Settlement Agreement[3], ECF No. 21-4, Ex. D.)

On June 11, 2015, the Court issued an Order dismissing the case without prejudice. (Order of Dismissal, ECF No. 19.) The Order stated that the "action has been settled" and is therefore "[dismissed] without cost[s] and without prejudice to the right, upon motion and good cause shown, within 60 days, to reopen this action if the settlement is not consummated . . . ." (*Id.*) The Order further noted that "*[i]f* any party shall move to set aside [the Order] as provided . . . or pursuant to the provisions of Fed. R. Civ. P. 60(b), in deciding such motion the Court retains jurisdiction of the matter to the extent necessary to enforce the terms and conditions of any settlement entered into between the parties." (*Id.* (emphasis added)).

On the same day, a Stipulation and Order of Dismissal, signed by all parties, was entered by the Court, which specified that "[p]ursuant to Rule 41 . . . it is hereby stipulated and agreed to by and between [Original] Plaintiffs . . . and Defendants . . . that this action and any and all claims, crossclaims and counterclaims, if any, herein are dismissed without prejudice and without costs and fees." (Stipulation and Order of Dismissal 1, ECF No. 20.)

On March 28, 2024, Plaintiffs filed a Verified Complaint and motion for a temporary restraining order and preliminary injunction, requesting that the Court enforce the May 18, 2015 Settlement Agreement reached before Judge Arpert. (*See generally* Verified Compl.; Pls.' Moving Br. 1-2, ECF No. 21-2.) Specifically, Plaintiffs allege that Defendants have breached the

---

[3] The Court notes that the submitted document may not be the actual Settlement Agreement, but a letter summarizing its terms. As a precautionary measure, the Court does not include the specific terms mentioned in the Settlement Agreement in this Opinion.

3

Settlement Agreement on multiple occasions by failing to provide certain medically necessary healthcare benefits for Gabrielle Millar. (Pls.' Moving Br. 2-4.) Plaintiffs aver that emergent relief is necessary because Christy Millar—Gabrielle Millar's mother and primary caretaker—is now facing her own medical issues and is currently undergoing a course of chemotherapy following surgery. (*Id.* at 4.)

## II.  LEGAL STANDARD

Federal courts have limited jurisdiction and "possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction . . . ." *Id.* (internal citations omitted).

Accordingly, the lack of subject matter jurisdiction may be raised by the Court *sua sponte* at any time. *Perry v. Gonzales*, 472 F. Supp. 2d 623, 626 (D.N.J. 2007) (citing cases); *see also Gottipati v. Prasad*, No. 19-2086, 2020 WL 616169, at *1 (D. Del. Feb. 10, 2020) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." (quoting *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016))).

## III.  DISCUSSION

The Court considers whether it has subject matter jurisdiction to decide Plaintiffs' motion. "Enforcement of [a] settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Brass Smith, LLC v. RPI Indus., Inc.*, 827 F. Supp. 2d 377, 380 (D.N.J. 2011) (alteration in original) (quoting *Kokkonen*, 511 U.S. at 378).

> "A federal court does not have jurisdiction over a settlement agreement just because that agreement settled a federal cause of

action." *Nelson v. Pennsylvania*, 125 F. App'x 380, 382 (3d Cir. 2005). The dismissal of the first action generally terminates federal jurisdiction. *Id.* However, "a district court may have ancillary jurisdiction to enforce a settlement agreement if the court retains jurisdiction by a separate provision or by incorporating the terms of the settlement agreement into an order." *Id.* at 381-82. A federal court can retain jurisdiction "if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *In re Phar-Mor, Inc. Sec. Litig.*, 172 F.3d 270, 274 (3d Cir. 1999) (quoting [*Kokkonen*, 511 U.S. at 381]). In either case, "a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist." *Id.*

*Flexco Microwave, Inc. v. MegaPhase LLC*, No. 14-6947, 2015 WL 5037721, at *3 (D.N.J. Aug. 24, 2015). "Whether or not a court decides to retain ancillary jurisdiction over the settlement agreement is discretionary," and "a federal court may also decide to terminate or divest itself entirely of jurisdiction over [a] settlement agreement."[4] *Brass Smith*, 827 F. Supp. 2d at 381, 383 (quoting *Wright v. Prudential Ins. Co. of Am.*, 285 F. Supp. 2d 515, 522 n.17 (D.N.J. 2003)).

Here, the Court's Order of Dismissal and the Stipulation of Dismissal executed by the parties did not incorporate the parties' Settlement Agreement, nor did they include a separate provision retaining jurisdiction. (*See generally* Order of Dismissal; Stipulation and Order of Dismissal 1.) The Court's Order of Dismissal noted only that the Court would "retain[] jurisdiction of the matter to the extent necessary to enforce the terms and conditions of any settlement entered

---

[4] The Court notes that the instant motion regarding the enforcement of the Settlement Agreement is ancillary to Plaintiffs' underlying claims, and thus the Court would require ancillary jurisdiction over the Settlement Agreement to have subject matter jurisdiction. (*See generally* Verified Compl.); *see also Flexco Microwave*, 2015 WL 5037721, at *3. However, because a federal district court has discretion "to . . . divest itself entirely of jurisdiction over [a] settlement agreement" in the absence of a separate provision retaining jurisdiction or incorporating the terms of the settlement agreement into an order, the Court can still choose to terminate its ancillary jurisdiction over the Settlement Agreement even if it is authorized to retain such jurisdiction. *Brass Smith*, 827 F. Supp. 2d at 383.

5

into between the parties" *if* either party moves to set aside the Order of Dismissal for one of the following two reasons: (1) to reopen the action as settlement was not consummated, upon motion and good cause shown within 60 days; or (2) pursuant to Rule 60(b)[5]. (*See* Order of Dismissal); Fed. R. Civ. P. 60(b). Neither condition has been satisfied here to trigger the Court's jurisdiction.[6] *See Shaffer v. GTE N., Inc.*, 284 F.3d 500, 503 (3d Cir. 2002) (finding that although the court's order stated that either party "upon good cause shown, [may] reinstate the action within sixty (60) days if the settlement is not consummated[,]" the "reinstatement of an action, which revives the underlying claim and sends the litigants back to the original battlefield, is totally different from the enforcement of the terms of a settlement agreement because one of the parties has not complied with those terms."); *In re Phar-Mor, Inc. Sec. Litig.*, 172 F.3d at 274 ("[I]t is clear that the parties' obligation to comply with the [s]ettlement [a]greement was not made a part of the dismissal order" because "the dismissal order does not contain a provision 'retaining jurisdiction' over the [s]ettlement [a]greement" generally and "the district court did not incorporate the [s]ettlement [a]greement or any of its terms . . . into the dismissal order."). Notably, "a judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of [the] order." *Brass Smith*, 827 F. Supp. 2d at 381 (quoting *Shaffer*, 284 F.3d at 503).

---

[5] Plaintiffs did not file a motion pursuant to Rule 60(b), and even assuming that they did, there is no indication that such a motion would be successful. *See Sawka v. Healtheast, Inc.*, 989 F.2d 138, (3d Cir. 1993) (breach of terms of settlement agreement is no reason to set judgment of dismissal aside pursuant to Rule 60(b)(6)). Further, any motion filed under Rule 60(b), at this juncture, would not be within "a reasonable time" given that nearly nine years have elapsed since this matter was settled and the Order of Dismissal was entered. *See* Fed. R. Civ. P. 60(c)(1).

[6] More specifically, Plaintiffs do not demonstrate, by reference to the two aforementioned provisions in the Order of Dismissal, that the parties retained federal court jurisdiction to enforce the terms of the Settlement Agreement. (*See generally* Verified Compl.) Additionally, Plaintiffs' Verified Complaint does not allege an alternative basis of subject matter jurisdiction. (*See generally id.*)

The Third Circuit summarized *Kokkonen v. Guardian Life Insurance Co. of America*, a relevant Supreme Court case on the same issue:

> [*Kokkonen*] commanded the agreement of a unanimous Supreme Court. There[,] the parties to a federal action reached a settlement and executed a stipulation and order of dismissal with prejudice, which the district court signed without referring to the settlement agreement or reserving jurisdiction to enforce it. When a dispute then ensued about one of the parties' obligations under the settlement, the district court ordered enforcement of the settlement on the premise that it had the "inherent power" to do so. But the Supreme Court held the district court had neither ancillary jurisdiction nor inherent power to enforce the settlement (*id.* at 380-81). Instead[,] a district court's power to do so exists only if one of two specified actions had been taken at the time of dismissal (*id.* at 381).

*Shaffer*, 284 F.3d at 503 (cleaned up).

Simply put, Plaintiffs' request to enforce the Settlement Agreement does not automatically confer federal subject matter jurisdiction upon this Court. *Kokkonen*, 511 U.S. at 378; *see also Smith v. Township of Bernards*, No. 17-4551, 2017 WL 5892202, at *3 (D.N.J. Nov. 29, 2017) ("Consequently, claims alleged to be factually interdependent with and, hence, *ancillary to* claims brought in an earlier federal lawsuit will not support federal jurisdiction over a subsequent lawsuit." (emphasis added) (quoting *Peacock v. Thomas*, 516 U.S. 349, 354 (1996))). Likewise, even assuming that the Court was authorized to retain jurisdiction over the Settlement Agreement—which it is not—the Court maintains discretion to retain or divest itself of jurisdiction over settlement agreements. *See Brass Smith*, 827 F. Supp. 2d at 383.

The Court, accordingly, lacks subject matter jurisdiction over this matter. To the extent that Plaintiffs seek to enforce the Settlement Agreement, they must file a new action either in state or

federal court, and if they intend to file in federal court, the new complaint must confer a basis for federal jurisdiction.[7]

## IV.   CONCLUSION

For the reasons set forth herein, Plaintiffs' motion for a temporary restraining order and preliminary injunction is denied. The Court will enter an Order consistent with this Memorandum Opinion.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[7] In other words, if filing a new complaint in federal court, Plaintiffs must state whether there is jurisdiction based on a federal question or complete diversity between the parties. To the extent that Plaintiffs only seek to enforce the Settlement Agreement (a contract action not sounding in federal law), and there is no diversity between the parties, then the complaint must be filed in state court.